IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARY THOMPSON, § <br>     Plaintiff § <br> § <br> v. § <br> § <br> CITY OF VAN, TEXAS, TAMMY § <br> HUFF, MELISSA DAVIS, SERECA § <br> HUFF-HUGGINS, LISA DUNCAN, § <br> KEVIN JOHNSON, ERNIE BURNS, § <br> CHARLES RYAN, JANE BURNS, § <br> and ELLEN THOMPSON, § <br>     Defendants. | CIVIL ACTION NO: __6:24-cv-00043__ <br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

COMES NOW Plaintiff, MARY THOMPSON ("Ms. Thompson") and files this Original Complaint and Demand for Jury Trial against Defendants CITY OF VAN, TEXAS ("City of Van"), TAMMY HUFF ("Mayor Huff"), MELISSA DAVIS ("Police Chief Davis"), SERECA HUFF-HIGGINS ("Secretary Huff-Higgins"), LISA DUNCAN ("Ms. Duncan"), KEVIN JOHNSON ("Mr. Johnson"), ERNIE BURNS ("Councilman Burns"), CHARLES RYAN ("Councilman Ryan"), JANE BURNS ("Ms. Burns") and ELLEN THOMPSON ("Ms. Ellen Thompson") (collectively, the "Defendants"), and for cause, respectfully shows the following:

**I. Jurisdiction and Venue:**

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, the United States Constitution, and Texas law.

1

2. This court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper in the Eastern District of Texas, Tyler Division under 28 U.S.C. § 1391(b) because the unlawful acts alleged herein were committed in this district.

4. Jurisdiction supporting Plaintiff's claim for attorney's fees and costs is conferred by 42 U.S.C. § 1988.

## II. Parties:

5. Plaintiff, MARY THOMPSON, is a resident of Smith County, Texas.

6. Defendant CITY OF VAN, TEXAS is a Texas municipality. The City of Van may be served by servings its Mayor, TAMMY HUFF, at 310 Chestnut Street, Van, Texas 75790.

7. Defendant TAMMY HUFF is the Mayor of the City of Van, Texas. Mayor Huff may be served at 310 Chestnut Street, Van, Texas 75790, or wherever else she may be found.

8. Defendant MELISSA DAVIS is the Chief of Police for the City of Van, Texas. Police Chief Davis may be served at 113 W. Main Street, Van, Texas 75790, or wherever else she may be found.

9. Defendant Sereca Huff-Huggins is the City Secretary for the City of Van, Texas. Secretary Huff-Huggins may be served at 310 Chestnut Street, Van, Texas 75790, or wherever else she may be found.

10. Defendant LISA DUNCAN is the Utility Clerk for the City of Van, Texas. Ms. Duncan may be served at 310 Chestnut Street, Van, Texas 75790, or wherever else she may be found.

11. Defendant KEVIN JOHNSON is the Public Works Director for the City of Van, Texas. Mr. Johnson may be served at 310 Chestnut Street, Van, Texas 75790, or wherever else he may be found.

12. Defendant ERNIE BURNS is a City Council Member for the City of Van, Texas. Councilman Burns may be served at 310 Chestnut Street, Van, Texas 75790, or wherever else he may be found.

13. Defendant CHARLES RYAN is a City Council Member for the City of Van, Texas. Councilman Ryan may be served at 310 Chestnut Street, Van, Texas 75790, or wherever else he may be found.

14. Defendant JANE BURNS is a resident of Van Zandt County, Texas. Ms. Burns may be served at 271 E. Main, Van, Texas 75790, or wherever else she may be found.

15. Defendant ELLEN THOMPSON is a resident of Van Zandt County, Texas. Ms. Ellen Thompson may be served at PO Box 152, Van, Texas 75790, or wherever else she may be found.

### III. Facts:

16. Mary Thompson was employed by the City of Van, Texas as Municipal Court Clerk until she was wrongfully terminated on June 1, 2023. The Defendants named herein worked together, acting under the color or law, in a conspiracy designed to deprive Ms. Thompson of her constitutionally protected rights.

17. On March 21, 2023, the Van Police Department arrested Mr. Dominique Horton. Mr. Horton is an African American male and the nature and circumstances of this arrest are contentious within the community of Van, Texas.

18. After Mr. Horton's arrest, Ms. Thompson provided financial assistance to Mr. Horton's family by paying his mother's water bill while his mother raised funds to post Mr. Horton's bond.

19. Ms. Thompson's financial assistance to Mr. Horton's family upset Police Chief Davis, as soon thereafter she began a campaign of harassment and intimidation against Ms. Thompson.

20. On April 18, 2023, Ms. Thompson was at the Dairy Queen in Van, Texas, when Police Chief Davis called Ms. Thompson into the parking lot and verbally assaulted her. On information and belief, this assault was witnessed by several members of the community and recorded by Dairy Queen's security system. Police Chief Davis was the sole instigator of this unnecessary altercation.

21. A few days later, on April 24, 2023, Police Chief Davis made two posts on the Police Department's Facebook page: the first was a notice regarding Mr. Horton's arrest; and the second shared a video of the altercation between Police Chief Davis and Mary Thompson, specifically stating: "[t]hese are the videos from the Dairy Queen regarding Mary Thompson." Police Chief Davis's intention was clear: to connect the incident at Dairy Queen to Mary Thompson and to let her know what would happen if she continued her support of Mr. Horton and his family. It was likely also posted as a warning to any others that might have wished to voice their opposition to Mr. Horton's arrest. This post, and the affiliated videos, remained posted to the Van City Police Department's Facebook page as late as September 15, 2023, when Complainant sent a settlement demand letter to the City of Van, Texas and the other named Defendants regarding the complaints contained herein.

22. Ms. Thompson, understandably upset by Police Chief Davis's actions, filed a Citizen Complaint Form against Police Chief Davis with the City of Van, Texas on April 26, 2023. Ms. Thompson then began communication with the Van Zandt County District Attorney, Ms. Tonda Curry, to request an investigation into Police Chief Davis's actions at the Dairy Queen.

23. It is unknown when the conspiracy to remove Ms. Thompson from her role as Municipal Court Clerk began, but on May 8, 2023, it was in full gear. On May 8, 2023, Mr. Johnson, Public Works Director for the City of Van, Texas, sent an email to Ms. Mayor Huff alleging that Ms. Thompson was bringing down employee morale with her bad attitude. This complaint was vague and clearly written in furtherance of the Defendants' conspiracy to deprive Ms. Thompson of her constitutional rights and wrongfully remove her from her employment with the City.

24. Mr. Johnson's complaint was followed two days later by another malicious complaint from Ms. Duncan, the Utility Clerk for the City of Van, Texas, which mirrored Mr. Johnson's complaint and, as such, was clearly concocted in furtherance of the Defendants' conspiracy against Ms. Thompson. On information and belief, Mr. Johnson and Ms. Duncan are related.

25. Ms. Jane Burns ("Ms. Burns") then filed a Citizen Complaint Form against Ms. Thompson on May 10, 2023, alleging Ms. Thompson touched her inappropriately at an election event on November 8, 2022. This complaint was copied by another Citizen Complaint Form filed by Ms. Ellen Thompson ("Ms. Ellen Thompson")[1] against Ms. Thompson on May 11, 2023, once again alleging inappropriate touching at an election event on November 8,

---

[1] Defendant Ellen Thompson is not related to the Complainant, Mary Thompson.

5

2022. Like the complaints made by Mr. Johnson and Ms. Duncan, these complaints were filed with the sole intention of furthering the Defendants conspiracy against Ms. Thompson to deprive her of her constitutional rights and remove her from City government.

26. Also like the complaints made by Mr. Johnson and Ms. Duncan, Ms. Burns and Councilman Burns are married and Ms. Ellen Thompson is such a close friend with Ms. Burns that, on information and belief, many in the community refer to them as "sisters."

27. The conspiracy against Ms. Thompson culminated in her termination on June 1, 2023, based on the complaints filed by Councilman Ryan, Ms. Duncan, Mr. Johnson, Ms. Burns, and Ms. Ellen Thompson.

## IV. Causes of Action:

**A.     Deprivation of First Amendment Rights and Retaliation.**

28. Ms. Thompson incorporates the facts and allegations contained above as through fully set forth herein verbatim.

29. A state cannot condition public employment on a basis that infringes the employee's constitutionally protected interests in freedom of expression.[2] A First Amendment Retaliation claim requires Ms. Thompson to show:

   (1)    She engaged in a constitutionally protected activity;

   (2)    Defendants' adverse actions caused her to suffer and injury that would likely chill a person of ordinary firmness from continuing to engage in the activity;

   (3)    The adverse action was motivated, at least in part, as a response to the exercise of Ms. Thompson's Constitutional Rights;

   (4)    Ms. Thompson's "speech" was a matter of "public concern;" and

---

[2] *Connick v. Myers*, 461 U.S. 138, 142 (1983).

    (5)    Ms. Thompson's interest, as a citizen, in commenting on matters of public concern, outweighs the City's interest in promoting efficiency in the public service it performs.

30. On April 26, 2023, when Ms. Thompson filed a Citizen's Complaint Form against Police Chief Melissa Davis, she engaged in a constitutionally protected activity. Likewise, when Ms. Thompson asked the Van Zandt District Attorney to investigate criminal wrongdoing by Police Chief Davis, she was engaging in a constitutionally protected activity.

31. Ms. Thompson suffered and adverse employment action when the City terminated her employment on June 1, 2023. This adverse action would likely chill a person of ordinary firmness from continuing to file complaints such as Ms. Thompsons.

32. Ms. Thompson's termination was motivated, at least in part, by her constitutionally protected activities.

33. Ms. Thompson's speech was a matter of public concern. Pursuant to the Pickering-Connick Test[3], Ms. Thompson's speech touched on a matter of public concern, which is defined as speech "relating to any matter of political, social, or other concern to the community." Furthermore, this speech was not made as part of Ms. Thompson's routine job duties, but rather was Ms. Thompson acting as a concerned citizen.

34. Ms. Thompson's interest, as a citizen, in filing herein referenced complaints clearly outweighs the City's interest in promoting the efficiency of its service.

35. Defendants were acting under the "color of law," when they deprived Ms. Thompson of her constitutionally protected right to freedom of speech and denied her equal protection under the laws of the United States of America.

---

[3] *See Pickering v. Board of Education*, 391 U.S. 563 (1968); *Connick v. Myers*, 461 U.S. 138, 142 (1983); *Garcetti v. Ceballos*, 547 U.S. 410 (2006).

36. Ms. Thompson has suffered damages as a direct and proximate result of these wrongful acts and brings this suit under 42 U.S.C. § 1983 and seeks the full measure of damages allowed to her by law, including all actual, consequential, and punitive damages, and costs and attorney's fees as allowed by law.

**B.  Conspiracy to Violate Constitutional Rights Under 42 U.S.C. § 1985.**

37. Ms. Thompson incorporates the facts and allegations contained above as though fully set forth herein verbatim.

38. Defendants acted together for the purpose of depriving Ms. Thompson of the equal privileges and immunities under the laws of the United States.

39. In furthering this conspiracy, Defendants wrongfully terminated Ms. Thompson's employment, depriving Ms. Thompson of having and exercising her rights and privileges as a citizen of the United States. More specifically, Defendants' conspiracy denied her constitutionally protected freedom of speech and association, and denied her equal protection under the laws of the United States of America and the Constitution.

40. Ms. Thompson has suffered damages as a direct and proximate result of these wrongful acts and brings this suit under 42 U.S.C. § 1985 and seeks the full measure of damages allowed to her by law, including all actual, consequential, and punitive damages, and costs and attorney's fees as allowed by law.

**C.  Defamation:**

41. Defendant Police Chief Davis published statements on Facebook regarding Ms. Thompson and her character. These statements were defamatory and false. Defendant made these statement acting with actual malice or negligence. Additionally, or in the alternative to the

extent necessary, Defendant Police Chief Davis is strictly liable for her defamation of Ms. Thompson.

42. Likewise, because the defamation was committed in furtherance of the civil conspiracy against Ms. Thompson to deprive her of her constitutionally protected rights, all named Defendants are jointly and severally liable for the resulting harm of Defendant Police Chief Davis's defamation.

43. Ms. Thompson has suffered damages as a direct and proximate result of these wrongful acts and brings this suit for defamation, seeking the full measure of damages allowed to her by law, including all actual, consequential, and punitive damages, and costs and attorney's fees as allowed by law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Ms. Mary Thompson, prays that Defendants be cited to appear and answer, and on final jury trial, that the Court enter judgment for Plaintiff and against Defendants as follows:

1. Full back pay from the date of Plaintiff's termination to the date of judgment;

2. Full front pay due to Plaintiff for a reasonable period following judgment, calculated as of the date of judgment;

3. Compensatory damages as allowed by law resulting from Defendants' conduct;

4. Punitive damages as allowed by law resulting from Defendants' conduct;

5. All employer benefits Ms. Thompson would have enjoyed had she not been wrongfully terminated;

6. Reasonable attorneys' fees;

7. Pre- and post-judgment interest as allowed by law;

8. Costs of suit; and

9. For all such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 2, 2024.                                    Respectfully Submitted,

 */s/ Michael C. Fallings*
Michael C. Fallings,
Managing Partner
TULLY RINCKEY PLLC
3420 Executive Center Drive, Suite 160
Austin, TX 78731
Office: (512) 225-2822
Facsimile: (512) 225-2801
mfallings@fedattorney.com


 */s/ Sean C. Timmons*
Sean C. Timmons,
Managing Partner
TULLY RINCKEY PLLC
18726 University Blvd, Ste. 107
Sugar Land, TX 77479
Office: (832) 240-3273
Facsimile: (832) 533-8999
Email: stimmons@tullylegal.com


 */s/ Jeremy D. Allen*
Jeremy D. Allen
Senior Associate
TULLY RINCKEY PLLC
507 Plum Street, #103
Syracuse, NY 13204
Office: (315) 492-4700
Facsimile: (315) 238-5200
jallen@tullylegal.com
**Attorneys for Plaintiff.**